UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MITCHELL NAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLIFF ALLENDBY, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:11-cv-01649-MJS<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIMS<br><br>(ECF NO. 1)<br><br>PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

Plaintiff Troy Mitchell Naylor, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2011. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

**II.　SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion

1

thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint identifies the following individuals as Defendants: (1) Cliff Allendby, Acting Executive Director, Department of Mental Health; (2) Pam Ahlin, Executive Director, Coalinga State Hospital (CSH); (3) Ron Harmon, Chief of Hospital Police; and (4) Jerry Duvall, Sergeant, Hospital Police.

Plaintiff alleges the following:

On July 6, 2009, hospital police searched Plaintiff's room and confiscated all of Plaintiff's electronic devices based on another detainee's assertion that Plaintiff possessed illegal material on his computer. Plaintiff filed suit in superior court challenging the search. Defendants were served with Plaintiff's suit on September 13, 2011. Three days after service, Defendant Duvall and other officers retaliated against Plaintiff by conducting another search. Plaintiff's computer and other electronics were seized and still have not been returned. The Complaint alleges violations of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures and Fourteenth Amendment rights to due process and equal protection.

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B.   Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official

3

cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Defendant Duvall is the only individual identified by name in Plaintiff's factual summary.  The Complaint fails to establish a connection between any of the remaining Defendants and the alleged violation of Plaintiff's rights.

Plaintiff does allege that Defendants Allenby, Ahlin, and Harmon were supervisors responsible for operations at CSH, but he offers nothing to suggest they were actually involved in the matter at issue.  The mere fact one or more of them may have supervised the individuals responsible for a violation is not enough.  Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court will grant Plaintiff an opportunity to amend.  To state a claim under § 1983, Plaintiff must "set forth specific facts as to each individual defendant's" deprivation of protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  That is to say, Plaintiff must explain in his own words exactly how each Defendant contributed to the violation of his rights.  Plaintiff must provide specific examples of misconduct and avoid overly broad or vague allegations.  If Plaintiff cannot describe how a Defendant violated his rights, the Court will dismiss Plaintiff's claims against that Defendant with prejudice.

**C.     Fourth Amendment**

The Fourth Amendment right to be secure against unreasonable searches and seizures extends to those persons under civil confinement. Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007), vacated on other grounds, 129 S.Ct. 2431 (2009).  The reasonableness of a particular search or seizure is determined by reference to the

4

detention context. Id. "Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Samson v. California, 547 U.S. 843, 848 (2006) (internal quotation marks omitted). Civil detainees have "a diminished expectation of privacy after commitment to a custodial facility." Bell v. Wolfish, 441 U.S. 520, 557 (1979). Legitimate concerns justifying searches and seizures are "the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations." Hydrick, 500 F.3d at 993 (internal quotation marks omitted). However, "a search or seizure that is arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention" violates the Fourth Amendment. Id.

Plaintiff complains that the Defendants are responsible for two unreasonable searches in violation of his Fourth Amendment rights. The first search, on July 6, 2009, was conducted by unspecified members of the hospital police in response to a report that Plaintiff possessed contraband. Such allegations fail to state a claim. Plaintiff does not specify which, if any, of the Defendants are responsible for the search or why the search was unreasonable. To state a claim Plaintiff must link a named Defendant to the alleged violation, Jones, 297 F.3d at 934, and must explain why pursuing reported contraband was unreasonable under the circumstances and in light of the fact that safety and security are legitimate institutional concerns, Hydrick, 500 F.3d at 993.

The second search, on September 16, 2011, was allegedly conducted three days after the Defendants were served with a lawsuit filed by Plaintiff. Defendant Duvall participated in this search and, according to Plaintiff, identified no basis for his suspicion that Plaintiff possessed contraband. Plaintiff's allegations, taken as true at this stage of the proceedings, are sufficient to state a Fourth Amendment claim. Id.

### D. First Amendment

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658

F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); and Short v. Sanzberro, 2009 WL 5110676, *5 (E.D. Cal. Dec. 18, 2009) ("Civil detainees are protected from retaliation by the First Amendment."). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The Complaint alleges that Defendant Duvall led a search of Plaintiff's room and arbitrarily seized personal property because Plaintiff had served the Defendant with a lawsuit three days earlier. Plaintiff has satisfied the third element of his retaliation claim; prisoners have a protected right to access the courts. Rhodes, 408 F.3d at 567. Plaintiff has also satisfied the first, second, and fourth elements of his claim. Arbitrarily confiscating and withholding property qualifies as an adverse action. Id. at 568. A plaintiff may rely on circumstantial evidence to establish the motive or intent of the defendant. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"). In this case Plaintiff alleges that Defendant Duvall acted three days after being served.

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). This is not a high burden to reach. See id. (prisoner's allegations that search

6

was arbitrary and capricious sufficient to satisfy this inquiry).  The Complaint alleges that Defendant Duvall had no reasonable basis to justify the search.  Thus, the Court finds that Plaintiff has satisfied the fifth and final element of his retaliation claim against Defendant Duvall.

### E.     **Fourteenth Amendment**

####         1.     Procedural Due Process

The Due Process Clause protects prisoners and, by extension, civil detainees[1], from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and both groups have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff alleges that he was deprived of his property without due process twice, once on July 6, 2009 and again on September 16, 2011.  The first search appears to have been an authorized and intentional deprivation that may be actionable under the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The Complaint alleges that unspecified members of the hospital police searched Plaintiff's room in response to a report of contraband.  The search appears to have been conducted according to hospital procedure.  However, as discussed in

---

[1]  "[T]he rights afforded prisoners set a floor for those that must be afforded [civil detainees] . . . . Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007), vacated on other grounds, 129 S.Ct. 2431 (2009).

section IV. C., above, Plaintiff does not specify which, if any, of the Defendants are responsible for the July 6, 2009 search and therefore fails to state a claim.

Plaintiff alleges that the second search was retaliatory in violation of his First Amendment rights and was not motivated by institutional security. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property on September 16, 2011. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

### 2. Equal Protection

Plaintiff also alleges that the Defendants' conduct violated his rights to equal protection. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff asserts that his right to equal protection was violated but fails to specifically address the claim in his summary of facts. The Complaint does not allege Plaintiff was a member of a protected class or that other detainees were treated

8

differently. Since the basis for Plaintiff's claim is not apparent, the Court will grant leave to amend. Should Plaintiff choose to amend, he must allege facts clearly demonstrating a violation of his right to equal protection.

**V.      CONCLUSION**

The Complaint states claims against Defendant Duvall for the violation of Plaintiff's First and Fourth Amendment rights, but does not state a claim against any of the remaining Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

However, Plaintiff is advised that he does not have to file an amended complaint if he is agreeable to proceeding only on the claims the Court found, above, to be cognizable. If he wishes to so proceed, Plaintiff shall notify the Court in writing. The Court will then dismiss his other claims and provide Plaintiff with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Duvall.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

9

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

    Dated:   November 27, 2013      /s/ *Michael J. Seng*
                                                           UNITED STATES MAGISTRATE JUDGE