00.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MITCHELL NAYLOR,<br><br>   Plaintiff,<br><br>  v.<br><br>CLIFF ALLENBY, et al.,<br><br>   Defendants. | Case No.  1:11-cv-1649-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) GRANT IN PART AND DENY IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, AND (2) GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF No. 12)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

**I. PROCEDURAL HISTORY**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.) This matter proceeds against Defendant Duvall on Plaintiff's First Amendment retaliation claim and Fourth Amendment unlawful search claim. (ECF No. 6.)

Before the Court is Defendant's motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 12.) Plaintiff filed an opposition. (ECF No. 19.) Defendant did not file a reply. Defendant's motion to dismiss is deemed submitted pursuant to Local rule 230(*l*).

1    **II.    LEGAL STANDARD – MOTION TO DISMISS**

2          A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency

3    of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the

4    absence of sufficient facts alleged under a cognizable legal theory. Conservation Force

5    v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a

6    court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ.

7    Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

8          To survive a motion to dismiss, a complaint must contain sufficient factual matter,

9    accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal,

10   556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

11   (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d

12   962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw

13   all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at

14   998, and pro se litigants are entitled to have their pleadings liberally construed and to

15   have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th

16   Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio,

17   658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

18   **III.   PLAINTIFF'S CLAIMS**

19         Plaintiff filed a suit in state court challenging the search of his room and

20   confiscation of his electronic devices by hospital staff. Three days after service of his

21   suit, Defendant retaliated against Plaintiff by conducting another search. Three days

22   later, Defendant confiscated Plaintiff's computer and electronic devices. Plaintiff's

23   computer and electronic devices were seized and have not been returned.

24   **IV.    ARGUMENTS**

25         Defendant argues that he cannot be sued in his official capacity under 28 U.S.C.

26   § 1983, and thus Plaintiff's official capacity claims should be dismissed. He also argues

27   that Plaintiff has failed to allege sufficient facts to link Defendant to any retaliatory

28   action, and that Plaintiff's claims are contradicted by judicially noticeable facts. Finally,

1   Defendant argues that Plaintiff does not state a First or Fourth Amendment claim for the
2   search and seizure of his computer and electronic device, because he has no
3   constitutional right to possess those devices under California regulations. Defendant
4   asks the Court to take judicial notice of (1) the docket in Plaintiff's state court action; (2)
5   an unpublished decision in Allen v. Mayberg, No. 1:10-cv-01973-BLW, 2012 WL
6   3911231 (E.D. Cal. Sept. 7, 2012), reversed in part by 577 Fed. Appx. 728 (9th Cir.
7   2014); and (3) section 4350 of title 9 of the California Code of Regulations.

8   **V.    ANALYSIS**

9       **A.    Request for Judicial Notice**

10      The Court may take judicial notice of documents that are part of the public record
11  to show that a judicial proceeding occurred or that a document was filed in another
12  case. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006);
13  Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Accordingly, the Court
14  may take judicial notice of the docket in Plaintiff's pending state action.

15      The Court may take judicial notice of another court's opinion "not for the truth of
16  the facts recited therein, but for the existence of the opinion, which is not subject to
17  reasonable dispute over its authenticity." Lee, 250 F.3d at  690 (citation omitted).
18  However, Defendant asks the Court to take judicial notice of the opinion in Allen v.
19  Mayberg, not for the existence of the opinion, but as authority for the proposition that
20  civil detainees do not have a constitutional right to possess a computer. This proposition
21  is not judicially noticeable, and the request to take judicial notice of the opinion in Allen
22  should be denied. The Court will address below whether Allen constitutes persuasive
23  authority for the proposition cited.

24      The Court may take judicial notice of title 9, section 4350 of the California Code
25  of Regulations. See Roemer v. Bd. of Pub. Works of Md., 426 U.S. 736, 742 n.4 (1976).

26      Although these records are outside the pleadings, they do not convert
27  Defendant's motion to dismiss into a motion for summary judgment. Lee, 250 F.3d at
28  189, 688 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279,

1  1282 (9th Cir. 1986) ("[O]n a motion to dismiss a court may properly look beyond the

2  complaint to matters of public record and doing so does not convert a Rule 12(b)(6)

3  motion to one for summary judgment[.]").

4  **B.    Motion to Dismiss**

5  **1.    Official Capacity Claims**

6  Plaintiff's complaint names Defendant in his official and individual capacities.

7  (ECF No. 1 at 4.) Defendant contends that he may not be sued in his official capacity.

8  The Court's screening order did not address Plaintiff's official capacity claims. (ECF No.

9  6.)

10  "Official capacity" suits require that a policy or custom of the governmental entity

11  is the moving force behind the violation. McRorie v. Shimoda, 795 F.2d 780, 783 (9th

12  Cir. 1986). Plaintiff's complaint does not directly state that a policy or custom motivated

13  the alleged violations. (ECF No. 1.) However, he alleges three separate incidents in

14  which his premises were searched, and in two of those his property was seized. (ECF

15  No. 1 at 7.) In his opposition, Plaintiff states that "a practice of taking property has gone

16  on since operation of the hospital first started." (ECF No. 19 at 2.) Although not directly

17  stated, the Court finds that the allegations contained in the complaint are sufficient to

18  allow an inference that a policy or custom was the moving force behind the alleged

19  violations.

20  Nonetheless, Defendant contends that "a state officer in his official capacity in

21  not a 'person' subject to suit under Section 1983." (ECF No. 12 at 5.) This is true with

22  respect to claims seeking money damages. Will v. Michigan Dep't of State Police, 491

23  U.S. 58, 71 (1989); see also Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147

24  (9th Cir. 2007) (citations omitted). It is not true with respect to claims seeking

25  prospective relief. Will, 491 U.S. at n.10; see also Wolfson v. Brammer, 616 F.3d 1045,

26  1065-66 (9th Cir. 2010).

27

28

Plaintiff's complaint seeks both monetary damages and injunctive relief. Plaintiff's claims for money damages against Defendant in his official capacity should be dismissed. His claims for injunctive relief should not.

### 2.   First and Fourth Amendment Claims

#### a.   Prior Screening Order

As noted, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969. This is the same standard the Court applies in screening a prisoner's complaint to determine whether it states a cognizable claim. Indeed, it is the very standard the Court applied in evaluating Plaintiff's complaint, and which lead to the Court's conclusion that the complaint stated cognizable claims. That is, the Court found that Plaintiff alleged claims which, when accepted as true for pleading purposes, would survive a Rule 12(b)(6) motion.

Nothing has since changed.

Nevertheless, Defendant argues that the very pleading which this Court found stated a cognizable claim does not state a cognizable claim and should be dismissed pursuant to Rule 12(b)(6). The Court would prefer not to duplicate its efforts and explain again why it reached the conclusions it did on screening, but the present Motion to Dismiss effectively asks it to do so. Accordingly, the Court will herein address the substantive issues presented by Defendant's motion.

#### b.   Legal Standard – Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

1  In the civil detention context, a search or seizure that is retaliatory violates the

2  Fourth Amendment. Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007).

3  **c.  Analysis**

4  Defendant first contends that the complaint fails to state a claim for retaliation

5  because Plaintiff did not adequately allege that Defendant undertook the search

6  "because of" Plaintiff's protected conduct. More specifically, Plaintiff did not allege that

7  Defendant was served with or knew of Plaintiff's state court action. Additionally,

8  Defendant contends that the docket in Plaintiff's state court action reflects that

9  Defendant Duvall is not a defendant in the state court action, and was not served with

10 Plaintiff's pleadings.

11 The temporal proximity (three days) between the filing and serving of Plaintiff's

12 legal documents and the search and seizure is sufficient circumstantial evidence of

13 causation to survive a motion to dismiss, regardless of whether Defendant was named

14 or served in the state court action. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003)

15 (finding that a prisoner established a triable issue of fact regarding prison officials'

16 retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines

17 v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808

18 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of

19 retaliatory intent"). Defendant's motion to dismiss on this basis should be denied.

20 Defendant next contends that Plaintiff fails to state a claim because he has no

21 constitutional right to possess a computer pursuant to section 4350 of title 9 of the

22 California Code of Regulations. The regulation prohibits the possession of "electronic

23 devices with the capability to connect to a wired . . . and/or wireless . . . communications

24 network to send and/or receive information." Defendant also relies on Allen for this

25 proposition.

26 The District Court's decision in Allen, cited by Defendant, concluded that civil

27 detainees have no Fourteenth Amendment interest in the possession of certain

28 electronic devices. However, the United States Court of Appeals for the Ninth Circuit

1  reversed <u>Allen</u> on that basis, concluding that a detainee who alleged that his electronic

2  devices were confiscated without justification had sufficiently alleged a Fourteenth

3  Amendment claim. Thus, Defendant's argument based on <u>Allen</u> is unpersuasive.

4        The issue in this case is not whether Plaintiff had a constitutional right to possess

5  his electronic devices, but rather whether he had the right to be free from unreasonable

6  searches, and to engage in constitutionally protected behavior -- bringing a lawsuit –

7  without suffering retaliation. He has sufficiently alleged these claims. Defendant's

8  motion to dismiss on this basis should be denied.

9  **VI.    CONCLUSION AND RECOMMENDATION**

10        Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's

11  request for judicial notice (ECF No. 12) be GRANTED IN PART AND DENIED IN PART.

12  Specifically, the Court recommends that the Court take judicial notice of the docket in

13  Plaintiff's state court proceeding and section 4350 of title 9 of the California Code of

14  Regulations. Defendants' request should otherwise be denied.

15        The Court FURTHER RECOMMENDS that Defendant's motion to dismiss (ECF

16  No. 12) be GRANTED IN PART AND DENIED IN PART. Specifically, the Court

17  recommends that Plaintiff's claim for money damages against Defendant in his official

18  capacity be dismissed. Defendants' motion should otherwise be denied.

19        These Findings and Recommendations are submitted to the United States

20  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

21  Within fourteen (14) days after being served with these Findings and

22  Recommendations, any party may file written objections with the Court and serve a

23  copy on all parties. Such a document should be captioned "Objections to Magistrate

24  Judge's Findings and Recommendations." Any reply to the objections shall be served

25  and filed within ten days after service of the objections. The parties are advised that

26  failure to file objections within the specified time may result in the waiver of rights on

27

28

appeal. <u>Wilkerson v. Wheeler</u>, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   <u>December 8, 2014</u>            /s/ *Michael J. Seng*

                                       UNITED STATES MAGISTRATE JUDGE