UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MITCHELL NAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY, et al.,<br><br>Defendants. | Case No. 1:11-cv-01649-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO (1) GRANT IN PART AND DENY IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, AND (2) GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF Nos. 12 & 23)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendant Duvall on Plaintiff's First Amendment retaliation claim and Fourth Amendment unlawful search claim. Plaintiff's claims are based on an alleged retaliatory search of Plaintiff's room and confiscation of his computer and electronic devices. Defendant moved to dismiss on the ground Plaintiff's complaint failed to state a claim. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On December 9, 2014, the Magistrate Judge issued findings and recommendations to grant in part and deny in part Defendant's request for judicial notice, and to grant in part and deny in part Defendant's motion to dismiss. (ECF No. 23.) Plaintiff filed a statement of no objections. (ECF No. 27.) Defendant filed objections. (ECF No. 28.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendation to be supported by the record and by proper analysis.

Defendant's first objection to the findings and recommendations concerns Plaintiff's Fourth Amendment claim. Defendant argues that the Magistrate Judge incorrectly stated that Plaintiff "had a reasonable expectation of privacy in his cell." (ECF No. 28 at 2.) However, Defendant misstates the findings and recommendations. The Magistrate Judge stated, "The issue in this case is . . . whether [Plaintiff] had the right to be free from unreasonable searches . . . ." (ECF No. 23 at 7.)  This is an accurate statement of the law. Although the reasonableness of a particular search must be determined with reference to the detention context and the correspondingly diminished expectation of privacy, a search or seizure that is retaliatory is unreasonable and violates the Fourth Amendment. Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007).

Next, Defendant argues that because the search was conducted to locate and seize contraband, the search was proper. However, nothing in the complaint states that the searches conducted by Defendant Duvall were for the purpose of locating and seizing contraband. Defendant may introduce evidence of such purpose in a motion for summary judgment or at trial. Liberally construed, the complaint contains sufficient facts to create an inference that the search was retaliatory.

Lastly, Defendant objects to the extent the findings and recommendations "suggest [Plaintiff] ha[s] a constitutional right to possess his electronic devices." (ECF No. 28 at 4.) However, the findings and recommendation make no such suggestion, and

indeed plainly state to the contrary: "The issue in this case is not whether Plaintiff had a constitutional right to possess his electronic devices . . . ." (ECF No. 23 at 7.) Rather, the issue is whether Plaintiff had a right to be free from retaliatory search of his room and seizure of his electronic devices.

Accordingly, Defendant's objections are without merit. Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations (ECF No. 23), filed December 9, 2014, in full;
2. Defendant's request for judicial notice (ECF No. 12), filed April 29, 2014, is GRANTED IN PART AND DENIED IN PART;
3. Defendant's motion to dismiss (ECF No. 12), filed April 29, 2014, is GRANTED IN PART AND DENIED IN PART;
4. Plaintiff's claim for money damages against Defendant Duvall in his official capacity is DISMISSED; and
5. Plaintiff may proceed on his remaining cognizable claims against Defendant Duvall.

IT IS SO ORDERED.

Dated: **February 24, 2015**         /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

6.