UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MITCHELL NAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLIFF ALLENBY, et al.,<br><br>　　　　Defendant(s). | 1:11-cv-01649-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CUSTODY OF PROPERTY<br><br>(ECF No. 32) |

## I.  PROCEDURAL HISTORY

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The action proceeds against Defendant Duvall on Plaintiff's First Amendment retaliation claim and Fourth Amendment unlawful search claim.  (ECF Nos. 6 & 7.)

Before the Court is Plaintiff's motion for custody of property under Local Rule 550. (ECF No. 32.)  Defendant opposed the motion.  (ECF No. 34.)  Plaintiff has not filed a reply and the time to do so has passed.  The motion is deemed submitted.  Local Rule 230(*l*).

## II.  MOTION FOR PROPERTY

### A.  Legal Standard

Local Rule 550 addresses the seizure of property by the United States Marshal in admiralty and in rem matters.  Upon motion, the Court may order that "a vessel, cargo,

or other property [that] has been taken into custody by the Marshal . . . [be] dispense[d] with keepers . . . remove[d] or place[d] . . . at a specified facility . . . or designate a substitute custodian . . ."  Local Rule 550(c).

### B. Parties' Arguments

Pursuant to Local Rule 550, Plaintiff seeks return of the property identified in his Complaint to prevent Defendant from selling, losing, or destroying it.

Defendant Duvall contends that Local Rule 550 is not applicable, there is no risk that the items will be lost or destroyed as they are properly within the custody of CSH police, and the seized items cannot be returned to Plaintiff because they are either contraband or contain child pornographic material and are being held as evidence.

### C. Analysis

Local Rule 550 does not apply in this case.  Plaintiff's property has been seized by CSH police and is in the custody of CSH police – not the United States Marshal.  The Court has not found, and Plaintiff does not cite, any other authority mandating the result that he requests.  Further, based on Defendant Duvall's declaration, it appears that the confiscated items have been inventoried and are being held safely within CSH police custody.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for custody of property be DENIED.  (ECF No. 32.)

IT IS SO ORDERED.

Dated:  April 28, 2015           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

2