UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MITCHELL NAYLOR,<br><br>    Plaintiff,<br> v.<br><br>CLIFF ALLENBY, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01649-LJO-MJS (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENA<br><br>(ECF NO. 36.) |

**I. PROCEDURAL HISTORY**

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The action proceeds against Defendant Duvall on Plaintiff's First Amendment retaliation claim and Fourth Amendment unlawful search claim.  (ECF Nos. 6 & 7.)

On March 27, 2015, Plaintiff served a subpoena on Defendant Duvall requesting production of certain documents and recordings on or before April 14, 2015.  (ECF No. 33.)  Before the Court is Defendant's motion to quash service of the *subpoena duces tecum*.  (ECF No. 36.)  Plaintiff opposes the motion.  (ECF No. 38.)  Defendants did not reply and the time to do so has passed.  The motion is deemed submitted.  Local Rule 230(*l*).

1

## II. MOTION TO QUASH SUBPOENA

### A. Legal Standard

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or electronically stored information relevant to his claim from a nonparty. Fed. R. Civ. P. 34(c), 45. Courts are split on whether Fed. R. Civ. P. 45 is the proper mechanism for requesting documents from parties. *See, e.g.*, *Alper v. United States*, 190 F.R.D. 281, 283-84 (D. Mass. 2000) (holding that Rule 34 is the exclusive means of obtaining documents from a party); *Mortg. Info. Servs. v. Kitchens*, 210 F.R.D. 562, 564-68 (W.D.N.C. 2002) (holding that nothing in Rule 45 precludes its use on a party); *See also Peyton v. Burdick*, 2008 U.S. Dist. LEXIS 106910 (E.D. Cal. 2008) (discussing the split among courts on the issue).

"A subpoena must issue from the [C]ourt where the action is pending," and the Clerk of Court must sign it prior to service. Fed. R. Civ. P. 45(a)(2)-(3). The subpoena must be served by a non-party who is at least eighteen years old "by delivering a copy to the named person" and tendering the necessary fees if the subpoena is requesting the person's attendance. Fed. R. Civ. P. 45(b).

### B. Parties' Arguments

Defendant Duvall argues that Plaintiff's subpoena should be quashed because Defendant is a party to the action and therefore Plaintiff must seek the documents through a discovery request for production.

Plaintiff cites to Federal Rule of Civil Procedure 45 and argues that Defendant has failed to meet the Rule's requirements for quashing a subpoena.

### C. Analysis

Courts are split on the issue of whether Fed. R. Civ. P. 45 permits a party to serve a subpoena on another party to obtain documents and information which is obtainable through the discovery process. Here, this issue need not be resolved because Plaintiff's subpoena is otherwise defective. Fed. R. Civ. P. 45 provides that only a Court may issue a subpoena, that the Clerk must sign the subpoena, and that it must be served upon the

named individual by a non-party.  Plaintiff did not seek leave from the Court to serve a subpoena on Defendant.  It also appears that the Clerk did not sign Plaintiff's subpoena and that he served it on Defendant himself by placing it in the mail.  (ECF No. 33.)

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that Defendant's motion to quash is GRANTED.

IT IS SO ORDERED.

Dated:   May 11, 2015                              /s/ *Michael J. Seng*
                                                                    UNITED STATES MAGISTRATE JUDGE